**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.

Shella Fleurisma,

    Plaintiff,

v.

**COMPLAINT AND TRIAL BY JURY DEMAND**

Elan Auto Finance, LLC,

    Defendant.

_____/

## NATURE OF ACTION

1. Plaintiff Shella Fleurisma ("Plaintiff") brings this action against Defendant Elan Auto Finance ("Defendant") pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach, and the City of Wellington.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(5) and 12 C.F.R. § 1005.2(e).

6. Defendant is a Florida limited liability company with a principal office located at 2840 N. State Road 7, Hollywood, Florida 33021.

## THE ELECTRONIC FUND TRANSFER ACT

7. The EFTA is a federal statute that regulates electronic fund transfers—in particular, preauthorized transfers—initiated by consumers through financial institutions.

8. Congress passed the EFTA "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b).

9. In passing the EFTA, Congress noted that "[t]he primary objective of [the EFTA] . . . is the provision of individual consumer rights."  15 U.S.C. § 1693(b).

10. The FTC and courts have interpreted closely related consumer protection laws under the least sophisticated, or unsophisticated, consumer standard.  *See Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007) ("If the least sophisticated debtor would "likely be misled" by a communication from a debt collector, the debt collector has violated the Act [FDCPA]"); *Morris v. Lomas & Nettleton Co.*, 708 F. Supp. 1198, 1203 (D. Kan. 1989) ("Congress intended the TILA to aid unsophisticated consumers and to prevent creditors from misleading consumers as to the actual cost of financing."); *Jeter v. Credit Bureau*, 760 F.2d 1168, 1172-1173 (11th Cir. 1985) ("The FTC Act was enacted to protect *unsophisticated* consumers, not only "reasonable consumers" who could otherwise protect themselves in the market place) (citing *Matter of Wilson Chem. Co., Inc.*, 64 F.T.C. 168 (1964)) (emphasis added).

## FACTUAL ALLEGATIONS

11. Plaintiff and Defendant entered into a retail installment contract to finance Plaintiff's purchase of a personal vehicle.

12. Due to personal financial difficulties, Plaintiff fell one month behind on her monthly car payments.

13. Defendant repossessed the vehicle on or about May 28, 2016. *See* Defendant's May 31, 2016 "Notice of Our Plan to Sell Property," subsequently received by Plaintiff on July 17, 2016, attached to this Complaint as Exhibit A.

14. At the time of repossession, the unpaid balance of the loan was $9,129.37, plus late charges of $53.66, and estimated repossession, collection and storage expenses of $650.00, for a total amount due of $9,833.03. Exhibit A.

15. Defendant accelerated the loan at or before the time of repossession, so that the total amount was due in full. Exhibit A.

16. After the repossession, Defendant spoke with Plaintiff and told her that if she wanted to regain possession of her car and continue the old payment plan, she would need to bring a $2,313.64 cashier's check to Defendant's offices.

17. On June 2, 2016, Plaintiff delivered the $2,313.64 cashier's check to Defendant's offices.

18. During this exchange, Defendant verbally told Plaintiff that, in order for her to defer payment of the $9,833.03 alleged to be then immediately due and owing, she needed to provide her debit card information for Defendant to automatically withdraw $536.00 monthly installments.

19. Plaintiff provided Defendant with her debit card and verbally authorized Defendant to debit Plaintiff's personal checking account on the tenth of each month for $536.00.

20. Defendant did not obtain Plaintiff's signed written authorization to debit her account.

21. Defendant did not provide Plaintiff a copy of her signed, written authorization at the time it was made.

22. Plaintiff's checking account was established primarily for personal, family, or household purposes.

23. Plaintiff's checking account is an "account" as defined by 12 U.S.C. § 1693a(2) and 12 C.F.R. § 1005.2(b)(1).

24. The funds transfers called for in the payment arrangement were to be taken electronically.

25. Thus the transfer payments were "electronic fund transfers" as defined by 15 U.S.C. 1693a(7) and 12 C.F.R. § 1005.3(b).

26. The electronic fund transfers authorized by the payment arrangement were to occur at substantially regular intervals.

27. The electronic fund transfers are "preauthorized electronic fund transfers" as defined by 15 U.S.C. § 1693a(10) and 12 C.F.R. § 1005.2(k).

28. By allowing Plaintiff to defer payment of the $9,833.03 debt, Defendant extended credit to Plaintiff. *See* 15 U.S.C § 1602(f) ("The term 'credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.").

29. Defendant conditioned Plaintiff's deferred payment of the $9,833.03 debt upon her agreement to repay the debt via preauthorized electronic fund transfers.

30. Thereafter, pursuant to the June 2, 2016 oral electronic fund transfer agreement, Defendant initiated electronic fund transfers from Plaintiff's checking account, in July, August, September, October, and November of 2016.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1693e(a)

31. Plaintiff repeats and re-alleges each and every factual allegation above.

32. "A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." 15 U.S.C. § 1693e(a).

33. Defendant violated § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without having Plaintiff's written authorization.

34. Defendant further violated § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without providing Plaintiff with a copy of Plaintiff's signed, written authorization at the time the authorization was made.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1693e(a) with respect to Plaintiff;

b) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

c) Awarding Plaintiff statutory damages in the amount of $1000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1693m(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1693k(1)

35. Plaintiff repeats and re-alleges each and every factual allegation above.

36. "No person may—condition the extension of credit to a consumer on such consumer's repayment by means of preauthorized electronic fund transfers." 15 U.S.C. § 1693k(1).

37. Defendant violated § 1693k(1) by conditioning the extension of credit upon Plaintiff's repayment by means of preauthorized electronic fund transfers.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1693k(1) with respect to Plaintiff;

b) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

c) Awarding Plaintiff statutory damages in the amount of $1000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1693m(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 27, 2017.

                                      Respectfully submitted,

                                      /s/ Alex D. Weisberg
                                      Alex D. Weisberg
                                      FBN: 0566551
                                      Weisberg Consumer Law Group, PA

Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206