UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CV-80107-ROSENBERG/HOPKINS

SHELLA FLEURISMA,

    Plaintiff,

v.

ELAN AUTO FINANCE, LLC,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's Motion for Summary Judgment [DE 15]. The motion has been fully briefed. For the reasons set forth below, the Motion is granted.

Plaintiff, Shella Fleurisma, filed this case under the federal Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693. Plaintiff alleges that Defendant used improper finance techniques in connection with the refinancing of her automobile loan. After filing suit, Plaintiff sent requests for admission to Defendant. *See* DE 15-5 at 1 n.1. Defendant did not respond.[1] Plaintiff then filed her Motion for Summary Judgment premised on Defendant's failure to respond to her requests for admission. Defendant did not respond to Plaintiff's Motion for Summary Judgment. As a result of Defendant's failure to respond, the Court issued an order to show cause. DE 16. Nineteen minutes before the deadline imposed by the Court's order to show cause, Defendant responded to Plaintiff's Motion for Summary Judgment. In that response, Defendant did not cite to any evidence.

---

1 Plaintiff contends that Defendant did not respond to her requests for admission at docket entry 15 in connection with her motion for summary judgment—Defendant does not deny this contention.

Plaintiff's claim under the EFTA is premised upon 15 U.S.C. § 1693k(1). That statute reads as follows:

> No person may—
>
> **(1)** condition the extension of credit to a consumer on such consumer's repayment by means of preauthorized electronic fund transfers

Plaintiff must therefore show: (1) Plaintiff is a consumer, (2) who was extended credit by Defendant, and (3) Defendant's extension of credit was premised on Plaintiff's consent to a preauthorized electronic fund transfer.

Because Defendant did not respond to Plaintiff's requests for admission, each of Plaintiff's requests for admission are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). As a result, Plaintiff has cited evidence in support of her Motion for Summary Judgment that establishes the following:

1. Plaintiff is a consumer for the purposes of § 1693k. DE 15-1 at 1.
2. Defendant extended credit to Plaintiff. *Id.* at 1-2.
3. Defendant conditioned its extension of credit on Plaintiff's enrollment in an automatic payment plan—a preauthorized electronic fund transfer. *Id.*
4. Defendant withdrew funds from Plaintiff's bank account on multiple occasions. *Id.* at 5.
5. Defendant did not obtain any written authorization from Plaintiff before debiting funds from Plaintiff's bank account. *Id.*

Plaintiff's citations to evidence are properly supported with citations to the record, and Plaintiff's evidence establishes a facial entitlement to relief under § 1693k(1).

In response to Plaintiff's evidence, Defendant cites nothing at all. Although Defendant facially asserts that it denies the foregoing, Defendant does not cite to any evidence, nor does

Defendant respond to Plaintiff's supported statement of material facts. Defendant was made aware of the need to cite evidence in three different ways. First, Federal Rule of Civil Procedure 56(c)(1) states that if a fact is disputed, the dispute must be supported by "citing to particular parts of materials in the record." Second, Local Rule 56.1 requires a statement submitted in opposition to a motion for summary judgment to "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." Third and finally, the undersigned expressly informed Defendant (together with visual examples) of the requirement to cite evidence. In the Court's order setting trial at docket entry 5, the Court informed Defendant: "Each material fact in the statement that requires evidentiary support shall be supported by a specific citation. This specific citation shall reference pages (and line numbers, if necessary) of exhibits." Local Rule 56.1 informs litigants of the consequence of failing to properly cite evidence in response to a supported statement of material facts.[2] Local Rule 56.1(b) reads:

> All material facts set forth in the movant's statement filed and supported as required above **will be** deemed admitted unless controverted by the opposing party's statement.

(emphasis added). Local Rule 56.1(b), the Court's order setting trial, and Federal Rule of Civil Procedure 56 compel this Court to deem all of Plaintiff's facts admitted by Defendant. As a result, Defendant has admitted that Plaintiff is a consumer, that Defendant extended credit to Plaintiff, that Defendant's extension of credit was premised on an electronic funds transfer from Plaintiff, that Defendant debited funds from Plaintiff in connection therewith, and that Plaintiff did not give Defendant written consent to debit those funds. Defendant has therefore fully admitted that Plaintiff is entitled to damages under § 1693k(1). Notably, Defendant was put on notice of its

---

2 The Court, in its order setting trial, also informed Defendant that a failure to comply with the citation requirements in the order could result in sanctions.

deficient citations to record evidence at docket entry 19 on September 25, 2017. In response to that notice, Defendant did not move to amend or take any action whatsoever. For all of the foregoing reasons, Plaintiff is entitled to summary judgment, and it is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [DE 15] is **GRANTED**. The Court is unable to ascertain from the summary judgment record, however, the amount of damages to which Plaintiff is entitled. Plaintiff is **ORDERED** to file a motion on the issue of Plaintiff's damages within seven (7) days of the date of rendition of this order. In light of the fact that the only issue remaining in this case is a determination of the amount of Plaintiff's damages, the Clerk of the Court shall **CLOSE THIS CASE FOR ADMINISTRATIVE PURPOSES**. This case is **REMOVED** from the Court's trial calendar.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 8th day of November, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record